MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
LEANDRO FLORES LORENZANA, *individually and on behalf of others similarly situated,*

                *Plaintiff*,

-against-

YEREIM OF SPRING VALLEY, INC. (D/B/A TALMUD TORAH KHAL ADAS YEREIM), YEREIM OF SPRING VALLEY NEW YORK, INC. (D/B/A TALMUD TORAH KHAL ADAS YEREIM ), YEREIM OF MONSEY, INC. (D/B/A TALMUD TORAH KHAL ADAS YEREIM ), SHOLUM HEIMOWITZ AND LAZAR KATZ,

                *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Leandro Flores Lorenzana ("Plaintiff Flores" or "Mr. Flores"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Yereim of Spring Valley, Inc. (d/b/a Talmud Torah Khal Adas Yereim), Yereim of Spring Valley New York, Inc. (d/b/a Talmud Torah Khal Adas Yereim ), Yereim of Monsey, Inc. (d/b/a Talmud Torah Khal Adas Yereim) ("Defendant Corporations"), Sholum Heimowitz and Lazar Katz, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Flores is a former employee of Defendants Yereim of Spring Valley, Inc. (d/b/a Talmud Torah Khal Adas Yereim), Yereim of Spring Valley New York, Inc. (d/b/a Talmud Torah Khal Adas Yereim ), Yereim of Monsey, Inc. (d/b/a Talmud Torah Khal Adas Yereim) ("Defendant Corporations"), Sholum Heimowitz and Lazar Katz.

2. Defendants own, operate, or control a Jewish private school, located at 33 Union Road, Spring Valley, New York 10977 under the name "Talmud Torah Khal Adas Yereim".

3. Upon information and belief, Individual Defendants Sholum Heimowitz and Sholum Heimowitz and Lazar Katz, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the Jewish private school as a joint or unified enterprise.

4. Plaintiff Flores was an employee of Defendants.

5. Plaintiff Flores was employed as a janitor and a handy man at the Jewish private school located at 33 Union Road, Spring Valley, New York 10977.

6. At all times relevant to this Complaint, Plaintiff Flores worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7. Rather, Defendants failed to pay Plaintiff Flores appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Furthermore, Defendants repeatedly failed to pay Plaintiff Flores wages on a timely basis.

9. Defendants' conduct extended beyond Plaintiff Flores to all other similarly situated employees.

10. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Flores now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Flores seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Flores's state law claims under 28 U.S.C. § 1367(a).

14. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Jewish private school located in this district. Further, Plaintiff Flores was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Leandro Flores Lorenzana ("Plaintiff Flores" or "Mr. Flores") is an adult individual residing in Rockland County, New York.

16. Plaintiff Flores was employed by Defendants at Talmud Torah Khal Adas Yereim from approximately 2006 until on or about February 13, 2018.

17. Plaintiff Flores consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all relevant times, Defendants own, operate, or control a Jewish private school, located at 33 Union Road, Spring Valley, New York 10977 under the name "Talmud Torah Khal Adas Yereim".

19. Upon information and belief, Yereim of Spring Valley, Inc. (d/b/a Talmud Torah Khal Adas Yereim) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 33 Union Road, Spring Valley, New York 10977.

20. Upon information and belief, Yereim of Spring Valley New York, Inc. (d/b/a Talmud Torah Khal Adas Yereim) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 33 Union Road, Spring Valley, New York 10977.

21. Upon information and belief, Yereim of Monsey, Inc. (d/b/a Talmud Torah Khal Adas Yereim) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 33 Union Road, Spring Valley, New York 10977.

22. Defendant Sholum Heimowitz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sholum Heimowitz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Sholum Heimowitz possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Flores, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

23. Defendant Lazar Katz is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Lazar Katz is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Lazar Katz possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Flores, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

24. Defendants operate a Jewish private school located in the Spring Valley section of Rockland County in New York.

25. Individual Defendants, Sholum Heimowitz and Lazar Katz, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff Flores's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Flores, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff Flores (and all similarly situated employees) and are Plaintiff Flores's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff Flores and/or similarly situated individuals.

30. Upon information and belief, Individual Defendants Sholum Heimowitz and Lazar Katz operate Defendant Corporations as either alter egos of themselves and/or fail to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,
   b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,
   c) transferring assets and debts freely as between all Defendants,
   d) operating Defendant Corporations for their own benefit as sole or majority shareholders,

  e)   operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

  f)   intermingling assets and debts of their own with Defendant Corporations,

  g)   diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

  h)   Other actions evincing a failure to adhere to the corporate form.

31.   At all relevant times, Defendants were Plaintiff Flores's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Flores, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Flores's services.

32.   In each year from 2012 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

33.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the Jewish private school on a daily basis are goods produced outside of the State of New York.

34.   Additionally, Defendants are engaged in the operation of a school, and are covered by the FLSA as within the definition of an enterprise engaged in commerce. 29 U.S.C. 203(s)(1)(B).

### *Individual Plaintiff*

35.   Plaintiff Flores is a former employee of Defendants who was employed as a janitor and a handy man. Plaintiff Flores seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Leandro Flores Lorenzana*

36. Plaintiff Flores was employed by Defendants from approximately 2006 until on or about February 13, 2018.

37. Defendants employed Plaintiff Flores as a janitor and a handy man.

38. Plaintiff Flores regularly handled goods in interstate commerce, such as cleaning supplies and other supplies produced outside the State of New York.

39. Plaintiff Flores's work duties required neither discretion nor independent judgment.

40. Throughout his employment with Defendants, Plaintiff Flores regularly worked in excess of 40 hours per week.

41. From approximately February 2012 until on or about February 13, 2018, Plaintiff Flores worked as janitor and handy man from approximately 8:30 a.m. until on or about 7:30 p.m. to 7:45 p.m., Mondays through Thursdays, from approximately 8:30 a.m. until on or about 3:00 p.m., Fridays, and from approximately 8:30 a.m. until on or about 5:30 p.m., Sundays (typically 59.5 to 61.5 hours per week).

42. Throughout his entire employment, Defendants paid Plaintiff Flores his wages by check.

43. From approximately February 2012 until on or about June 2017, Defendants paid Plaintiff Flores a fixed biweekly salary of $400.

44. From approximately June 2017 until on or about February 13, 2018, Defendants paid Plaintiff Flores a fixed salary of $800 per week.

45. Plaintiff Flores's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46. For example, Defendants required Plaintiff Flores to work an additional 15 minutes past his scheduled departure time Mondays through Thursdays, and did not pay him for the additional time he worked.

47. Defendants never granted Plaintiff Flores any breaks or meal periods of any kind.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Flores regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Flores an accurate statement of wages, as required by NYLL 195(3).

50. Defendants did not give any notice to Plaintiff Flores, in English and in Spanish (Plaintiff Flores's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Flores (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

52. Plaintiff Flores was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

53. Defendants' pay practices resulted in Plaintiff Flores not receiving payment for all his hours worked, and resulting in Plaintiff Flores's effective rate of pay falling below the required minimum wage rate.

54. Defendants habitually required Plaintiff Flores to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Flores (and similarly situated individuals) worked, and to avoid paying Plaintiff Flores properly for his full hours worked.

57. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

58. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Flores and other similarly situated former workers.

59. Defendants failed to provide Plaintiff Flores and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

60. Defendants failed to provide Plaintiff Flores and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

61.     Plaintiff Flores brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

62.     At all relevant times, Plaintiff Flores and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

63.     The claims of Plaintiff Flores stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64.     Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

65. At all times relevant to this action, Defendants were Plaintiff Flores's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Flores (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

66. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68. Defendants failed to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69. Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70. Defendants' failure to pay Plaintiff Flores (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

72. Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Flores (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Flores (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

75. Plaintiff Flores (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

76. Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

77. At all times relevant to this action, Defendants were Plaintiff Flores's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Flores, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

78. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Flores less than the minimum wage.

79. Defendants' failure to pay Plaintiff Flores the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Flores was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS
### OF THE NEW YORK STATE LABOR LAW

81. Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Flores overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

83. Defendants' failure to pay Plaintiff Flores overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84. Plaintiff Flores was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

85. Plaintiff Flores repeats and realleges all paragraphs above as though fully set forth herein.

86. With each payment of wages, Defendants failed to provide Plaintiff Flores with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87. Defendants are liable to Plaintiff Flores in the amount of $5,000, together with costs and attorneys' fees.

## **SIXTH CAUSE OF ACTION**

## **VIOLATION OF THE TIMELY PAYMENT PROVISIONS**

## **OF THE NEW YORK LABOR LAW**

88. Plaintiff Flores repeats and realleges all paragraphs above as though set forth fully herein.

89. Defendants did not pay Plaintiff Flores on a regular weekly basis, in violation of NYLL §191.

90. Defendants are liable to Plaintiff Flores in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Flores respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Flores and the FLSA Class members;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Flores and the FLSA Class members;

(e) Awarding Plaintiff Flores and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Flores and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Flores;

(i) Awarding Plaintiff Flores damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(j) Awarding Plaintiff Flores liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(k) Awarding Plaintiff Flores and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(l) Awarding Plaintiff Flores and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(m) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (n)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Flores demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       February 23, 2018

                              MICHAEL FAILLACE & ASSOCIATES, P.C.

                         By:    /s/ Michael Faillace
                              Michael Faillace [MF-8436]
                              60 East 42nd Street, Suite 4510
                              New York, New York 10165
                              Telephone: (212) 317-1200
                              Facsimile: (212) 317-1620
                              *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

February 16, 2018

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:               Leandro Flores Lorenzana

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:           [signature]

Date / Fecha:                16 de Febrero del 2018

*Certified as a minority-owned business in the State of New York*